# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HARNER,<br><br>                       Plaintiff,<br>v.<br><br>USAA GENERAL INDEMNITY INSURANCE COMPANY,<br><br>                       Defendant. | Case No.: 18-CV-1993 W (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DOC. 3]** |

Pending before this Court is Plaintiff Paul Harner's motion to remand this case to the San Diego Superior Court. [Doc. 3.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons state below, the Court **DENIES** Plaintiff's motion. [Doc. 3].

//
//
//
//
//

1

# I. BACKGROUND

This lawsuit arises out of a coverage dispute between Plaintiff Paul Harner and his insurer, Defendant USAA General Indemnity Company ("USAA"). Harner's USAA policy provided coverage for up to $500,000 per accident/per person from June 17, 2014 to December 17, 2014. (*Compl*. [Doc. 1-2] ¶¶ 10–11.[1])

On August 20, 2014, Harner was riding his motorcycle on the Interstate 5 when a vehicle abruptly swerved into his lane. (*Compl.* ¶¶ 16, 17.) Harner crashed into the back of the vehicle, smashing his head against the car and asphalt. (*Id*. ¶¶ 17, 18.) Harner suffered brain injuries from the accident, resulting in "impairment to his short-term memory, processing speed, working memory, and cognitive endurance." (*Id*. ¶ 38.) Harner had trouble coping with the injuries, and his business suffered. (*Id*. ¶¶ 44, 46–49.)

On February 2, 2016, Harner made a policy limits demand with the insurance company for the driver of the vehicle. (*Compl*. ¶ 50.) The insurance company paid Harner the $100,000 policy limit on February 22, 2016. (*Id*. ¶ 51.)

On March 9, 2016, Harner made a demand to USAA for "all available funds under his uninsured motorist bodily injury ("UMBI") coverage, which provided for $500,000." (*Compl*. ¶ 52.) He also provided USAA with medical records demonstrating his injuries. (*Id*.) On March 31, 2016, USAA requested additional documents and time to investigate. (*Id*. ¶¶ 53–54.) Harner provided the additional documents the same day. (*Id*. ¶¶ 55.)

On April 7, 2016, USAA offered Harner $75,000, which it stated was the "fair value of the claims." (*Compl*. ¶ 56.) USAA did not explain the basis for its valuation of the claim, but stated it would "re-evaluate the claim should additional loss of earnings support be presented." (*Id*.) Two days later, Harner provided additional documents supporting his damages and again demanded the full amount available under his policy. (*Id*. ¶ 58.)

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit 1 [Doc. 1-2].

2

On May 12, 2016, USAA asserted to Harner's counsel that his injuries were "subjective," were not as bad as claimed, and offered to pay $80,000. (*Compl.* ¶¶ 59, 60.) USAA again did not explain its valuation and partial denial of the claim. (*Id.*)

On May 17, 2016, Harner sent USAA a Notice and Demand for Arbitration. (*Compl.* ¶ 61.) Two days later, Harner also sent correspondence disputing that his brain "injuries were subjective." (*Id.* ¶ 62.)

On May 31, 2016, USAA hired new counsel, who again requested all documents relating to Harner's injury. (*Compl.* ¶ 63.) Approximately a week later, Harner provided the documents and reiterated his demand for the $80,000 USAA contended his claim was worth. (*Id.* ¶ 65.) Harner also proposed potential arbitrators. (*Id.*) On August 10, 2016, USAA notified Harner "that the undisputed amount of" his claim was a "pre-litigation offer and no longer on the table." (*Id.* ¶ 67.)

By January 2017, USAA had failed to agree to an arbitrator. (*Compl.* ¶ 68.) Harner therefore filed a Petition to Compel Arbitration and Appoint an Arbitrator. (*Id.*) USAA agreed to an arbitrator, who ultimately awarded Harner $352,979.00. (*Id.* ¶¶ 98, 72–73.) USAA paid the award. (*Davis Decl.* [Doc. 4-1] Ex. 2 [Doc. 4-3] 11:23–12:6.)

On February 28, 2018, Harner filed this lawsuit in the San Diego Superior Court against Defendant USAA. The Complaint alleges four causes of action for: (1) breach of contractual duty to pay a covered claim; (2) breach of implied covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; and (4) conversion. The Complaint prays for compensatory and punitive damages, special and general damages, and damages for mental and emotional distress. (*Id.* 12:9–15:8.)

On April 5, 2018, USAA filed a demurrer to the conversion cause of action, arguing USAA's valuation of Harner's claim represented settlement offers, which Harner failed to accept. (*Davis Decl.* Ex. 4 [Doc. 4-5] 2:2–21.) The court granted the motion. (*See Davis Decl.* Ex. 6 [Doc. 4-7].) Thereafter, USAA sent Harner requests for admission, asking him to admit, among other things, that his damages do not exceed

$75,000.01. (*Davis Decl.* Ex. 2, 13:8.) On or about July 27, 2018, Harner sent USAA a response denying the request. (*Id.* 13:20.)

On August 27, 2018, USAA removed the case to this Court. (*See Notice of Removal*.) Harner now seeks to remand on the basis that the removal was untimely.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Sygenta Crop Prot. v. Henson, 537 U.S. 28, 32 (2002); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566; see also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990); O'Halloran, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

## III. DISCUSSION

USAA removed this case based on diversity jurisdiction. Harner does not dispute that the parties are diverse or that his claim is worth more than $75,000. Rather, he argues USAA's removal was untimely because the "complaint clearly demonstrated the right to removal, and USAA ha[d] been in possession" of the Complaint since March 28,

4

2018.  (*P&A* [Doc. 3-1] 2:5–8.)  Harner also claims USAA was notified of the right to remove in Harner's "opposition to USAA's demurrer," which was served on USAA on July 16, 2018.  (*Id.* 8:13–14, 9:3–4.)  USAA responds by arguing Harner's Complaint and opposition did not "state specific dollar amounts" and Harner's references to USAA's valuation of his claim is not "money that is in controversy between the parties."  (*Opp'n* [Doc. 4] 2:22–3:9.)

A notice of removal must be filed within 30 days of the time the defendant receives a copy of the initial pleading indicating the amount in controversy is met.  28 U.S.C. § 1446(b)(1).  However, if it is unclear whether the amount in controversy is met from the initial pleading, the defendant has 30 days from the receipt of another document indicating the case has become removable.  28 U.S.C. §. 1446(b)(3).

In determining whether the amount in controversy has been met, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  Where the state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint's prayer does not identify the amount of damages sought. Harner nevertheless contends the Complaint and opposition to the demurrer notified USAA that the jurisdictional limit was satisfied because the documents asserted Harner "had a statutory right to possess USAA's $80,000 'fair value of the claims'" and that USAA had wrongfully withheld those funds from him.  (*P&A* 5:8–11.)

The problem with Harner's argument is there is no dispute that before this lawsuit was filed, USAA paid Harner the arbitrator's award.  (*Davis Decl.* Ex. 2 at 11:23–12:6.) The arbitrator's award represented the "actual" value of Harner's claim and, therefore, necessarily included USAA's $80,000 valuation of the claim.  Accordingly, Harner's references to USAA's valuation of the claim in the Complaint and opposition do not

5

represent the amount in controversy, and were not sufficient to notify USAA that jurisdictional limit was satisfied.

In his reply, Harner also asserts that aside from the Complaint and opposition's reference to the $80,000, the Complaint detailed "USAA's bad faith denial of benefits under its insurance policy with Mr. Harner." (*Reply* [Doc. 6] 3:17–20.) Although true, the Complaint never identifies the amount of damages Harner is claiming resulted from USAA's bad faith. Additionally, given the undisputed fact that USAA paid the arbitrator's award before this lawsuit was filed, the Complaint provides no reasonable basis to calculate Harner's damages.

For these reasons, the Court finds USAA did not have notice that the amount in controversy exceeded $75,000 until Harner admitted as much in response to the requests for admission.

## IV.    CONCLUSION & ORDER

For the foregoing reasons, Plaintiff's motion to remand [Doc. 3.] is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 5, 2019

Hon. Thomas J. Whelan
United States District Judge