# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HARNER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY CO.,<br><br>　　　　　　　　　Defendant. | Case No.: 18-cv-1993-W-MDD<br><br>**ORDER DENYING JOINT MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[ECF NO. 15]** |

Before the Court is the Joint Motion of the parties, filed on December 30, 2019, to modify the scheduling order to allow Defendant to file a motion to compel regarding Plaintiff's production of documents no later than January 30, 2020. (ECF No. 15).

Discovery closed on November 29, 2019. (ECF No. 11). Although the parties sought and received a continuance of their mandatory settlement conference, no reference was made to a continuing discovery dispute. (ECF Nos. 12, 13). In their motion to continue the settlement conference, filed on November 22, 2019, the parties noted that certain depositions were set for December 2019, but there was no request to extend the discovery deadline to

1

accommodate those depositions nor the resolution of any pending discovery dispute. (ECF No. 12).

Section V.C.2 of this Court's Civil Chambers Rules provides:

> 2. Timing of Discovery Motions - The 30-day Rule
> Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, not the date on which counsel reach an impasse in meet and confer efforts. If the meet and confer process or attempts to supplement disputed responses will extend the dispute beyond 30 days, a motion, preferably a joint motion, to extend the deadline must be filed.

The Joint Motion filed by the parties does not state when the underlying discovery requests were served nor when the initial responses were served, giving rise to the discovery dispute. And, as noted above, the parties did not seek relief from the Court in the form of a motion to extend the 30-day deadline.

Modification of the scheduling order, under Rule 16(b)(4), Fed. R. Civ. P., requires good cause. The standard for good cause under this Rule primarily considers the diligence of the party seeking the modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, there is no basis provided for the Court to find that Defendant has been diligent in seeking this discovery and no justification provided for not timely seeking relief from the Court. The scheduling order will not be amended. Discovery remains closed.

//

## CONCLUSION

The Joint Motion is **DENIED**.

Dated: January 2, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge