UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HARNER, an individual,<br><br>                                      Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation,<br><br>                                      Defendant. | Case No.: 18cv01993-LL-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SEAL**<br><br>**(2) DENYING PLAINTIFF'S UNOPPOSED MOTION TO CONTINUE TRIAL**<br><br>**[ECF Nos. 86, 87]** |

## I. INTRODUCTION

Before the Court are Plaintiff Paul Harner ("Plaintiff")'s (1) Motion to File Documents Under Seal, ECF No. 86, and (2) Unopposed Motion to Continue Trial, ECF No. 87-1. After considering the papers submitted, supporting documentation, and applicable law, the Court (1) **GRANTS** Plaintiff's Motion to Seal and (2) **DENIES** Plaintiff's Unopposed Motion for a Continuance of Trial.

## II. BACKGROUND

The Court incorporates by reference the factual and procedural history from its previous order in *Harner v. USAA Gen. Indem. Co.*, --- F. Supp. 3d ---, No. 3:18-CV-01993-LL-MDD, 2022 WL 718489, at *1 (S.D. Cal. Mar. 10, 2022).

/ / /

## III. DISCUSSION

### A. Motion to Seal

A party seeking to seal a judicial record must "articulate [] compelling reasons supported by specific factual findings," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). Plaintiff seeks to seal his motion to continue trial on the basis that it references an attorney's medical condition. Other courts have found that keeping medical records private qualifies as a compelling interest outweighing the public's interest in access to judicial records. *See, e.g.*, *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019) (finding "a compelling interest in sealing the entire administrative record, as it contains Plaintiff's medical records and private information"). Thus, the Court **GRANTS** Plaintiff's Motion to Seal (1) Exhibit A, which contains Plaintiff's Unopposed Motion to Continue the May 10, 2022 Trial Date, which was lodged as ECF No. 87-1, and (2) Exhibit B, the Declaration of Mark Fleming, both of which were lodged as ECF No. 87.

### B. Motion to Continue Trial

District courts consider the following four factors when evaluating whether to deny a request for a continuance: (1) the extent of the moving party's diligence in preparing for the case for trial; (2) the usefulness of the continuance, or the likelihood "that the need for a continuance could have been met if the continuance had been granted"; (3) the extent to which granting the continuance would inconvenience the Court, the opposing party, and the witnesses; and (4) the extent to which the moving party might suffer prejudice from the Court denying the request for a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985). The fourth element, or a showing of prejudice, is mandatory for an appellate court to affirm a district court's decision to deny a continuance. *Danjaq Ltd. Liab. Co. v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (applying the *Flynt* test to review the denial of a continuance in a civil case and finding the

denial was not an abuse of discretion).

Courts should evaluate whether to grant or deny a request for continuance based on "the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite*, 376 U.S. 575, 589-90 (1964). "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Id.* "A district court's decision regarding a continuance is given great deference, 'and will not be disturbed on appeal absent clear abuse of the court's discretion.'" *Danjaq*, 263 F.3d at 961 (quoting *Flynt*, 756 F.2d at 1358); *see also Hood v. Dir. of the Cal. Dep't of Corr. & Rehab.*, No. 15cv1564-CAB-DHB, 2017 U.S. Dist. LEXIS 222370, at *5-6 (S.D. Cal. Feb. 13, 2017) (Bencivengo, J.) (noting that "there is nothing to show the trial court exceeded its discretion when denying the motion for a continuance"); *Party Animal Inc. v. Evanger's Dog & Cat Food Co.*, No. 2:cv-17-03422 PSG (FFMx), 2019 U.S. Dist. LEXIS 234197, at *9 (C.D. Cal. Mar. 5, 2019) (denying an application to continue trial twice).

As set forth below, upon considering the four *Flynt* factors, the Court finds a continuance inappropriate in this case.

First, the Court finds that the extent of the moving party's diligence in preparing the case for trial weighs against a continuance. The Court previously addressed but disregarded both parties' request to continue the trial at the previous hearing, including the current unavailability of Plaintiff's *newly* designated trial counsel. *See* ECF No. 73 at 5:2-20 (noting that Mr. Walker filed this lawsuit and has been counsel of record throughout its duration). The Court laments that one of Plaintiff's attorneys has a medical condition; however, that attorney only appeared in the case in February 2022. *See* ECF No. 60. Mr. Walker, as the handling attorney who filed this lawsuit, is presumed to have the competence to be able to take the case to trial. *See* Cal. R. Prof. Conduct, Rule 1.1(c). California's Rules of Professional Conduct discuss this in the context of the duty of competence:

> If a lawyer does not have sufficient learning and skill when the legal services are undertaken, the lawyer nonetheless may provide competent representation by (i) associating with or, where appropriate, professionally consulting another lawyer whom the lawyer reasonably believes to be competent, (ii) ***acquiring sufficient learning*** and ***skill before performance is required***, or (iii) referring the matter to another lawyer whom the lawyer reasonably believes* to be competent.

*See* Cal. R. Prof. Conduct, Rule 1.1(c) (emphasis added). Here, the case has been pending since August 27, 2018. In addition, Mr. Walker still has almost a full month to hire a different law firm to serve as trial counsel, which this Court finds to be adequate time to prepare for a straight-forward bad faith case. Alternatively, Mr. Walker can try this case himself.

Moreover, under the Civil Justice Reform Act of 1990, introduced by then-Senator, now President Joseph Biden, district courts are encouraged to ensure timely termination of all cases within three years of filing. *See* 28 U.S.C. § 471; H.R. REP. NO. 101-732 (1990); *see also* 28 U.S.C. § 476(a)(3) (requiring "[t]he Director of the Administrative Office of the United States Courts [to] prepare a semiannual report, available to the public, that discloses for each judicial officer . . . the number and names of cases that have not been terminated within three years after filing"). This case has been pending since August 27, 2018, or three years and eight months. The requested 90-day continuance would cause this case to have been pending for almost four years, one year above the recommended three year termination deadline. By setting a trial date of May 10, 2022, this Court intends to adhere to the Legislature's mandate to district courts to "ensure just, speedy, and inexpensive resolutions of civil disputes," 28 U.S.C. § 471, by ensuring trial of this matter as close to three years of the date of filing as possible. Three years and eight months is ample time for any case to proceed to trial. *See, e.g.*, *United States v. Popov*, 555 F. App'x 672, 674 (9th Cir. 2014) (holding that the defendants failed to show the district court abused its discretion by denying the motion to continue trial where "the district court reasonably considered [the defendant]'s failure to act diligently to prepare his case for trial when it

denied his motions").

Second, the Court must consider the usefulness of the continuance, or the likelihood "that the need for a continuance could have been met if the continuance had been granted." *Flynt*, 756 F.2d at 1358-59. Here, the continuance, if granted, would not serve a useful purpose given Plaintiff has at least three other attorneys of record who may assist with trying this case. There should be no reason this case cannot proceed to trial in the absence of one attorney out of four attorneys of record.

Third, the Court finds that the extent to which granting the continuance would inconvenience the Court and witnesses involved in this case weighs against a continuance. As the Court noted at the most recent status conference, it has trials in August and September and is unavailable to handle this trial during those months. If this case does not proceed to trial in May, it is unclear when the Court would be available to handle the trial, and the Court suspects that witness availability may be impacted as well.

Fourth, the Court finds that while the moving party *may* suffer prejudice from the denial of his *preferred* trial counsel, this prejudice is minimal given Plaintiff has other counsel. For example, in *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-cv-00993-MCS-ADS, 2021 U.S. Dist. LEXIS 245393, at *1-4 (C.D. Cal. Nov. 23, 2021), the court denied a defendant's *ex parte* for an order continuing trial where the defendant sought a continuance due to one of its attorneys of record contracting COVID-19. The court noted that "[d]istrict courts have broad discretion to manage the course of litigation," and "the pretrial scheduling order can only be modified 'upon a showing of good cause.'" *Id.* at *2 (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). The court considered the four *Flynt* factors along with the fact that the defendant argued (1) it would suffer prejudice absent a continuance because its attorney was responsible for overseeing its defense, (2) his illness was interfering with his preparation for trial, and (3) he remains uncertain whether he will recover and be cleared to participate by the trial date. *Id.* at *2. However, the court also noted the attorney at issue had only associated in as counsel one month ago, and the defendant was "represented by ten other capable attorneys of record—

including two attorneys who have represented [the defendant] throughout this case." *Id.* Thus, it inferred that the defendant's trial team, "by exercising reasonable diligence, [could] cover for [the attorney]'s absence should he be unavailable to participate at trial." *Id.*

As with *Netlist*, one of Plaintiff's attorneys is medically unable to try the case on the current trial date. 2021 U.S. Dist. LEXIS 245393, at *1. However, also like *Netlist*, the moving party has a trial team consisting of more than one attorney, and the attorney at issue only recently associated into this case. *Id.* Additionally, due to the Court's availability, granting this continuance would substantially delay trial, prejudicing both parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). Rather, retaining the May 10, 2022 trial date best "secure[s] the just, speedy, and inexpensive determination" of this case. *See* Fed. R. Civ. P. 1. Thus, just as the *Netlist* court denied the application to continue trial while wishing the attorney at issue a complete and speedy recover, this Court likewise wishes the attorney in this case a complete and speedy recovery but denies the motion for a continuance.

In denying this request based on the health of one of Plaintiff's four attorneys of record, the Court notes that it has already granted two previous continuances of the trial date in this case. First, on January 20, 2022, the Court continued the trial date from March 8, 2022 to April 4, 2022, taking into consideration the vacation schedule of Plaintiff's lead attorney, Justin Walker. ECF Nos. 50. Then, on March 29, 2022, the Court continued the trial a second time because Defendant's lead attorney, Brian Davis, was exposed to COVID-19. ECF Nos. 70-71. While this was a continuance granted on the basis of medical reasons, it arose within a week of trial and concerned Defendant's lead counsel, since the removal of this case on August 27, 2018. *See* ECF No. 1. Here, on the other hand, Plaintiff's lead counsel is not implicated. Rather, an attorney who has been counsel of record for two months is implicated.

Thus, Plaintiff's Motion to Continue Trial is **DENIED**.

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion to File Documents Under Seal is **GRANTED** as to (1) Exhibit A, which contains Plaintiff's Unopposed Motion to Continue the May 10, 2022 Trial Date and was lodged as ECF No. 87-1, and (2) Exhibit B, the Declaration of Mark Fleming, lodged as ECF No. 87-2, which the Clerk of the Court shall file under seal.

2. Plaintiff's Motion to Continue Trial is **DENIED**.

**IT IS SO ORDERED.**

DATED:   April 15, 2022



**HON. LINDA LOPEZ**
United States District Judge