# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HARNER, an individual,<br><br>                          Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation,<br><br>                          Defendant. | Case No.: 18cv01993-LL-MDD<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF Nos. 77, 84, 88]** |

## I. INTRODUCTION

Before the Court is Plaintiff Paul Harner's ("Plaintiff") Request for Judicial Notice. ECF No. 77. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiff's Request for Judicial Notice.

## II. BACKGROUND

The Court incorporates by reference the factual and procedural history from its previous order in *Harner v. USAA Gen. Indem. Co.*, --- F. Supp. 3d ---, No. 3:18-CV-01993-LL-MDD, 2022 WL 718489, at *1 (S.D. Cal. Mar. 10, 2022).

## III. DISCUSSION

Plaintiff asks the Court to take judicial notice of the following documents: (1) California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5 ("Fair Claims Settlement Practices Regulations") Sections 2695.1; 2695.2; and 2695.7 and (2) the

1

Judicial Opinion of the California Supreme Court in *Wilson v. 21st. Century Ins. Co.*, 42 Cal. 4th 713 (2007). Plaintiff relies on various cases, most of which are non-binding, to argue that the Court should take judicial notice of these documents. ECF No. 77 at 2. Defendant USAA General Indemnity Company ("Defendant") responds that Plaintiff's request "is nothing more than a thinly veiled attempt to continue to inject additional, improper jury instructions at trial." ECF No. 88 at 1. As for the *Wilson* opinion, Defendant argues that *Wilson* is fifteen years old, involved different parties, different facts, and a different insurance policy. *Id.* at 3:3-7. As for the California Insurance Code provisions, Defendant argues that the Court should also deny this request because "Plaintiff has not cited a single case in which a Ninth Circuit court took judicial notice of California's Insurance Code regulations at a similar procedural stage in litigation." *Id.* at 3:13-18. Defendant also points out that this case does not involve a claim that Defendant violated any of California's Insurance Code provisions, nor is such a claim recognized under California law. *Id.* at 4:1-11. Plaintiff replies that the Fair Claims Settlement Practices Act is not only relevant but also comprises the specific statutory framework upon which Defendant's actions are measured. ECF No. 91 at 2:2-5. Plaintiff points out that Defendant's expert admitted those regulations governed Defendant's actions while Defendant's corporate representative testified that Defendant adopts the regulations as part of its company claims-handling polices. *Id.* at 2:6-10.

At any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204-05 (11th Cir. 2004). Because judicial notice "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court," the process of "taking … judicial notice of facts is,

as a matter of evidence law, a highly limited process." *Id.*; *see also* 29 Am. Jur. 2d Evidence § 28 (noting that "[j]udicial notice of adjudicative facts must be approached cautiously because … [w]hen a trial court takes judicial notice of adjudicative facts, it authorizes the jury to accept facts as true without requiring formal proof").

This Court finds it inappropriate to take judicial notice of the documents requested by Plaintiff for several reasons. First, the Federal Rules of Evidence "govern[ ] judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). "The precise line of demarcation between adjudicative and legislative facts is not always easily identified." *United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976). "Adjudicative facts" are "those to which the law is applied in the process of adjudication" and concern "the immediate parties who did what, where, when, how, and with what motive or intent the court." *Id.* Such facts are those "that normally go to the jury in a jury case." *Id.* "Legislative facts, on the other hand, do not relate specifically to the activities or characteristics of the litigants." *Id.* at 220. They "are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case." *Id.* at 219-20. "A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties." *Id.* at 220. Here, the Court is not developing a particular law or policy, so judicial notice of legislative facts would be inappropriate. Further, the insurance code regulations and opinion which Plaintiff asks the Court to take judicial notice of does not concern the immediate parties or case. Thus, there are no adjudicative facts of which the Court may take judicial notice. *See Grason Elec. Co. v. Sacramento Mun. Util. Dist.*, 571 F. Supp. 1504, 1521 (E.D. Cal. 1983) (noting that "[a]djudicative facts are those to which the law is applied in the process of adjudication … [and] normally go to the jury in a jury case.").

Second, the majority of the authority on which Plaintiff relies pre-dates the Federal Rules of Evidence. For example, Plaintiff cites to 1885, 1920, 1931 cases for the proposition that "[t]he law of any state of the Union, whether depending upon statutes or

3

upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." ECF No. 77 at 2:1-9 (citing *Lamar v. Micou*, 114 U.S. 218, 223 (1885); *Judith Basin Land Co. v. Fergus County*, 50 F.2d 792, 794 (9th Cir. 1931); *Washington-Alaska Bank v. Dexter Horton Nat Bank of Seattle, Wash*, 263 F. 304, 312 (9th Cir. 1920) ("The court below was bound to take judicial notice of the statutes of Nevada, under which the insolvent bank was organized and which constituted its charter."). However, as stated, these decisions predated the enactment of the Federal Rules of Evidence in 1972.

Plaintiff also cites to *D&L Framing, LLC v. Clarendon Am. Ins. Co.*, No. 205-cv-01307-RLH-GWF, 2007 WL 9725258, at *2 (D. Nev. Sept. 13, 2007) and *AKI Fam. Ltd. P'ship v. City of San Marcos*, No. 3:06-cv-0997-JM-AJB, 2007 WL 628044, at *1 n.2 (S.D. Cal. Feb. 23, 2007) (Miller, J.). ECF No. 77 at 2:5-15. However, in both of those cases, the courts took judicial notice of statutes or regulations but not for the purpose of proving the facts therein. *See, e.g.*, *D&L Framing*, 2007 WL 9725258, at *2 (taking "judicial notice of numerous out-of-state cases, **noting only the opinion** and **not of the truth of the facts cited therein**" as well the "Nevada Revised Statute § 686A.310, et. seq. and Nevada Administrative Code § 686A.670, as federal courts can take judicial notice of state statutes and administrative regulations") (emphasis added); *AKI Fam.*, 2007 WL 628044, at *1 n.2 (taking judicial notice, *sua sponte*, of Section 16.04.070 of the San Marcos Municipal Code, governing proposed rules for a mobile home park, in a case arising out of the Fair Housing Act). Plaintiff also cites to *Labowitz v. Bird Rides, Inc.*, No. 2:18-cv-9329-MWF (SK), 2020 WL 2334116, at *7 (C.D. Cal. Mar. 31, 2020), but in that case, the court denied a request for judicial notice as moot while noting that courts "*may* take judicial notice of state laws, regulations, and other matters of public record." *Id.* (emphasis added). In *Labowitz*, it was also "unclear whether the documents which Defendants request[ed were] proper for judicial notice." *Id.* Thus, *Labowitz* does not require this Court to take judicial notice of the cited Insurance regulations.

As for the *Wilson* opinion, Defendant contends that the Court should not take judicial

4

notice of that opinion or instruct the jury that it constitutes accepted fact given at least one court within the Ninth Circuit has found an identical request improper. *Id.* at 2:15-3:2 (citing *Tate v. Univ. Med. Ctr. of S. Nevada*, No. 209-cv-01748-JAD-NJK, 2016 WL 7045711, at *7 (D. Nev. Dec. 2, 2016), *aff'd sub nom. Tate v. Univ. Med. Ctr.*, 773 F. App'x 405 (9th Cir. 2019)). In *Tate*, 2016 WL 7045711, at *7, the plaintiff similarly asked "the court to take judicial notice of the legal conclusions of other judges in this district that were made in the *Chudacoff* and *Williams* cases, and of the Ninth Circuit's opinion in *Chudacojf*." However, the district court noted that "Rule 201 authorizes judicial notice only of facts, not statements of law, so this request falls outside the scope of what Rule 201 affords." *Id.* Moreover, "[t]he jury receives the law from the judge via jury instructions." *Id.* Thus, "[t]o the extent that the legal principles in these cases are binding precedent—and are properly submitted in proposed jury instructions—they will be incorporated into the trial that way." *Id.* As a result, the court denied the request to use FRE 201 to establish facts in the case. *Id.* The *Tate* court also cited to a First Circuit Court of Appeals case:

> Judicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions—which are technically documents—because they are presented to the court as law, not to the jury as evidence.... Although judicial notice of fact and judicial notice of law share the phrase 'judicial notice,' they draw on different rules of practice. Rule 201 'governs only judicial notice of adjudicative facts.' .... Judicial notice of law is outside the scope of Rule 201, and derives from practical considerations and case law that do not rely on Rule 201 or principles of evidence.

*Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring) (internal citations omitted).

Plaintiff attempts to distinguish *Tate* by arguing "[t]he party requesting judicial notice of a court case in *Tate* was seeking to have his *argument* about what the case means judicially noticed," and the judge "would not allow that editorialization." ECF No. 91 at

2:24-26. Plaintiff contends "[t]hat is fundamentally different from taking judicial of the law." *Id.* at 3:26. However, the Court agrees with both Defendant and the *Tate* court that the jury should be apprised of the law through jury instructions, not through judicial notice.

    In sum, while the Court may permissibly take judicial notice of facts *from* court records and statutes, Plaintiff's request does not specify which facts, if any, he would like the Court to take judicial notice of. For instance, he does not ask the Court to take judicial notice that the various insurance regulations he discusses were in effect on a certain date, or that Defendants were aware of them. Thus, while courts can and have taken judicial notice of other opinions, they do not take judicial notice of the facts contained in those opinions. *See, e.g.*, *Perez v. Kroger Co.*, 336 F. Supp. 3d 1137, 1141 (C.D. Cal. 2018), *appeal dismissed*, No. 18-56458, 2020 WL 2029351 (9th Cir. Mar. 27, 2020) (taking judicial notice of a decision in another case "but not the facts contained therein"); *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1117 (C.D. Cal. 2010) (taking judicial notice of two district court decisions while noting "that these decisions have no binding authority on this court); *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein"). Only in his reply brief, does Plaintiff clarify that he "has asked the Court to issue a finding that these regulations are—*in fact*—California law and the *Wilson* opinion is—*in fact*—an opinion of the California Supreme Court." ECF No. 91 at 4:2-4. He states he "seeks the Court to accept the fact that the law says what it says *vis a vis* the regulations and that the Supreme Court said what it said *vis a vis* the *Wilson* case, and to subsequently instruct the jury accordingly." *Id.* at 4:13-15. The Court finds this clarification only shows why the request is unnecessary. The law is the law regardless of whether the Court takes judicial notice of it.

    Thus, the Court **DENIES** Plaintiff's request for judicial notice because it is not targeted towards adjudicative facts properly subject to judicial notice.

/ / /

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's Request for Judicial Notice is **DENIED**.

2. The parties shall not submit any further filings with the Court. Any outstanding issues may be raised on the first day of trial.

**IT IS SO ORDERED.**

DATED:   April 28, 2022

**HON. LINDA LOPEZ**
United States District Judge