UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HARNER, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 18cv01993-LL-MDD<br><br>**ORDER:**<br><br>**(1) SUSTAINING-IN-PART AND OVERRULING-IN-PART THE OBJECTIONS TO JURY INSTRUCTIONS and**<br><br>**(2) STRIKING PLAINTIFF'S UNTIMELY EXHIBITS**<br><br>**[ECF Nos. 77, 84, 88]** |

## I.    INTRODUCTION

Before the Court are the Objections of Defendant USAA General Indemnity Company, a Texas corporation ("Defendant"), to Plaintiff Paul Harner's ("Plaintiff") Proposed Additional Jury Instructions and Trial Exhibits. ECF No. 84.  After considering the papers submitted, supporting documentation, and applicable law, the Court **SUSTAINS-IN-PART** and **OVERRULES-IN-PART** Defendant's Objections.

## II.    BACKGROUND

The Court incorporates by reference the factual and procedural history from its previous order in *Harner v. USAA Gen. Indem. Co.*, --- F. Supp. 3d ---, No. 3:18-CV-01993-LL-MDD, 2022 WL 718489, at *1 (S.D. Cal. Mar. 10, 2022).

On March 25, 2022, the Court ordered that "[t]he following must be submitted to chambers by Monday, March 28, 2022: (1) any proposed questions for the judge to consider asking the panel of jurors; (2) any proposed California jury instructions; and (3) any proposed special verdict form." ECF No. 68. It also required that "by Wednesday, March 30, 2022, the parties must … provide the Court with an updated exhibit and witness list." *Id.* On March 28, 2022, Defendant provided the Court with (1) Defendant's proposed *voir dire* questions; (2) joint proposed jury instructions; (3) Defendant's special verdict form; and (4) Defendant's proposed limiting instructions.

On April 13, 2022, Plaintiff submitted proposed *voir dire* questions for the Court, which were untimely. ECF No. 78. That same day, he also submitted an exhibit list, ECF No. 75; witness list, ECF No. 76; and a request for judicial notice; ECF No. 77. Defendant filed its proposed *voir dire* questions, ECF No. 79; exhibit and witness list, ECF No. 81; proposed limiting jury instructions, ECF No. 82; and special verdict form, ECF No. 83. Both parties also submitted a *[Proposed]* Joint Special Verdict Form, ECF No. 80, and *[Proposed]* Joint Jury Instructions, ECF No. 74.

## III. DISCUSSION

Defendant has objected to various trial exhibits and proposed jury instructions, which the Court addresses below.

### A.   Defendant's Objections to Plaintiff's Proposed Trial Exhibits

Defendant objects to Plaintiff's Trial Exhibit Nos. 7, 8, 18, 32, 46, 102, 106, and 110-113 given discovery closed more than three years ago, and those exhibits were not designated in Plaintiff's May 2021 Pre-Trial Order. ECF No. 84 at 2[1]:4-14. Defendant also advises that its counsel has not been provided with copies of these additional exhibits. *Id.* at 2:15-20. The Court has confirmed the aforementioned exhibits were not included in Plaintiff's exhibits designated in the Pre-Trial Order. Further, at the March 25, 2022 Status

---

[1] Unless otherwise indicated, all page number references are to the CM/ECF-generated page number electronically stamped in the header of each CM/ECF-filed document.

Conference, the Court cautioned Plaintiff against designating such exhibits:

> THE COURT: A pretrial order is a pretrial order. The exhibit list was in there, and if you wanted to introduce something, it should have been included in there. It should have been discussed then.
>
> That becomes the document from which everything is—everything unfolds. That is the document from which a trial is prepared.
>
> And I am, as I said, not going to rule anticipatorily, but I can tell you that I'm not certain what you could try to bring before the Court that would convince or persuade me that something at the eleventh hour is or should come into evidence.

ECF No. 69 at 14:6-19.

In addition, as raised by the defense, discovery closed three years ago, and Defendant has prepared for trial without the benefit of these exhibits. To date, Defendant has still not received these exhibits from Plaintiff. Thus, Defendant's objections to these new exhibits are **SUSTAINED**. Plaintiff's Trial Exhibit Nos. 7, 8, 18, 32, 46, 102, 106, and 110-113 will not be admitted at trial due to Plaintiff's failure to include them in the Pre-Trial Order.

### B. Defendant's Objections to Plaintiff's Proposed Jury Instructions

Defendant objects to either Plaintiff's objection to or attempt to include the following proposed jury instructions:

#### 1. *CACI 2335 – Bad Faith Advice of Counsel*

The parties' Proposed Joint Jury Instructions filed with the Court on April 13, 2022 include "CACI 2335. Bad Faith Advice of Counsel," but Plaintiff now objects to the inclusion of this instruction. ECF No. 74 at 4. CACI 2335 was also included in the parties' proposed CACI Instructions on May 19, 2021. *See* Pre-Trial Order, ECF No. 39 ("Pre-Trial Order") at 42. Defendant objects to Plaintiff's belated objection to this instruction, which Defendant contends is relevant and necessary to its affirmative defenses, given the parties originally agreed to its inclusion in the Pre-Trial Order. ECF No. 84 at 3:17-22. Defendant advises that Plaintiff objects to this instruction on the basis that the Court's order on the parties' motions *in limine* makes this instruction irrelevant. *Id.* at 3:10-13.

3

This instruction provides as follows:

> **2335.   Bad Faith - Advice of Counsel**
> [Name of defendant] did not breach the obligation of good faith and fair dealing if it reasonably relied on the advice of its lawyer. [Name of defendant]'s reliance was reasonable if:
> 1. [Name of defendant] acted in reliance on the opinion and advice of its lawyer;
> 2. The lawyer's advice was based on full disclosure by [name of defendant] of all relevant facts that it knew, or could have discovered with reasonable effort;
> 3. [Name of defendant] reasonably believed the advice of the lawyer was correct; [and]
> 4. In relying on its lawyer's advice, [name of defendant] gave at least as much consideration to [name of plaintiff]'s interest as it gave its own interest; [and]
> [5. [Name of defendant] was willing to reconsider and act accordingly when it determined that the lawyer's advice was incorrect.]

Plaintiff's objection to including this instruction is **OVERRULED**.

### 2.   *CACI 430 – Substantial Factor*

Plaintiff's April 13, 2022 Proposed Jury Instructions seek to include the "CACI 430. Causation: Substantial Factor" instruction. ECF No. 74-1 at 2. This instruction was not included in the parties' proposed CACI Instructions. *See generally* Pre-Trial Order. Defendant objects to this instruction on the basis that it was not included in the Pre-Trial Order, is unnecessary, irrelevant, and risks confusion of the issues to be considered by the jury. ECF No. 84 at 4:3-11. This instruction provides as follows:

> *1. CACI 430. Causation: Substantial Factor*
> A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Although this instruction was not included in the Pre-Trial Order, the Court finds that given "substantial factor" is used in CACI 2331, which sets out some of the elements for proving breach of the implied obligation of good faith and fair dealing, this instruction would assist

4

the jury and should be included. Thus, Defendant's objection to this instruction is **OVERRULED**.

### 3. *CACI 2350 – Damages for Bad Faith*

Plaintiff's April 13, 2022 Proposed Jury Instructions seek to include the "CACI 2350. Damages for Bad Faith" instruction. ECF No. 74-1 at 5. CACI 2350 was included in the parties' proposed CACI Instructions. *See* Pre-Trial Order at 42. However, Defendant now objects to the phrasing of this instruction, "seeking to include an itemized description of his damages including 'attorneys fees and costs,' reimbursement for interest paid on his credit card balance,' '7% interest on $252,979[,]' and 'prejudgment interest.'" ECF No. 84 at 4:21-24. The Court finds Plaintiff's proposed revisions unnecessary. Thus, the Court will issue CACI 2350 as originally proposed by the parties, and Defendant's objections are **SUSTAINED**.

### 4. *CACI 3905A – Physical Pain, Mental Suffering, Emotional Distress*

Plaintiff's April 13, 2022 Proposed Jury Instructions seeks to include the "CACI 3950. Physical Pain, Mental Suffering, Emotional Distress" instruction. ECF No. 74-1 at 5. CACI 3905A was not included in the parties' original proposed CACI Instructions. *See generally* Pre-Trial Order. Thus, Defendant objects to this instruction given it was not included in the Pre-Trial Order. ECF No. 84 at 6:2-7. Defendant also argues that it "is unnecessary, irrelevant, and risks confusion of the issues to be considered by the jury." *Id.* at 6:8-10.

Plaintiff's proposed instruction provides as follows:

> 2. CACI 3905A. Mental Suffering and Emotional Distress (Non-Economic Damages)
>
> Mental suffering, loss of enjoyment of life, inconvenience, anxiety, worry, humiliation, emotional distress, nervousness, indignity, embarrassment, apprehension, and ordeal constitute non-economic damages.
>
> No fixed standard exists for deciding the amount of these non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

5

> To recover for future mental suffering, loss of enjoyment of life, inconvenience, anxiety, worry, humiliation, emotional distress, nervousness, indignity, embarrassment, apprehension, and ordeal, Paul Harner must prove that he is reasonably certain to suffer that harm.
>
> For future mental suffering, loss of enjoyment of life, inconvenience, anxiety, worry, humiliation, emotional distress, nervousness, indignity, embarrassment, apprehension, and ordeal, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Harner for future mental suffering, loss of enjoyment of life, inconvenience, anxiety, worry, humiliation, emotional distress, nervousness, indignity, embarrassment, apprehension, and ordeal.

Defendant admits that CACI 2350 was included in the parties' proposed CACI Instructions, *see* Pre-Trial Order at 42, and that instruction allows for the recovery of damages for mental suffering and emotional distress.  CACI 3905A merely elaborates on what is required to prove a category of damages Plaintiff already sought and will assist the jury.  Thus, the Court **OVERRULES** Defendant's objection to CACI 3905A.

### 5.   *CACI 3935 – Prejudgment Interest*

Plaintiff's April 13, 2022 Proposed Jury Instruction seeks to include the "CACI 3935. Prejudgment Interest (Cal. Civ. Code § 3288)" instruction. ECF No. 74-1 at 4. CACI 3935 was not included in the parties' proposed CACI Instructions.  *See generally* Pre-Trial Order.  Defendant also objects to this instruction on the basis that this instruction was not included in the Pre-Trial Order, and Plaintiff did not propose it until the day jury instructions were due (*i.e.*, April 13, 2022).  ECF No. 84 at 6:17-19.  As with the other instructions, Defendant argues that it "is unnecessary, irrelevant, and risks confusion of the issues to be considered by the jury." *Id.* at 6:25-26.

> 3. CACI 3935. Prejudgment Interest (Cal. Civ. Code § 3288)
>
> If you decide that Mr. Harner is entitled to recover damages for past economic loss in one or more of the categories of damages that he claims, then you must decide whether he should also receive prejudgment interest on each item of loss in those categories.  Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the

> ability to use the funds.  If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.
> Whether Mr. Harner should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion.  If you award these damages to Mr. Harner, you will be asked to address prejudgment interest in the special verdict form.

Section 3288 of California's Civil Code provides: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."  Thus, Plaintiff may recover prejudgment interest in this case as a matter of law.  While the Court agrees that this instruction should have been included in the Pre-Trial Order, it also finds an instruction on this item of recoverable damages appropriate.  Thus, the Court **OVERRULES** Defendant's objection to CACI 3925.

### 6.  *Plaintiff's Supplemental Instruction No. 1 Regarding "Hindsight"*

Plaintiff's April 13, 2022 Proposed Jury Instructions also seeks to include an instruction on "hindsight."  ECF No. 74-1 at 7.  Plaintiff's Proposed Supplemental Instruction No. 1 was not included in the parties' proposed CACI Instructions.  *See generally* Pre-Trial Order.  Defendant objects to Plaintiff proposing this supplemental instruction as having been proposed on April 13, 2022 as well as on the basis that it is overbroad, confusing, and unduly prejudicial to Defendant.  ECF No. 84 at 7:7-15.  Defendant also argues that it does not intend to argue its pre-UIM arbitration settlement offers were reasonable based on evidence, like expert opinions, that did not exist at the time the offers were made, meaning this instruction is unnecessary.  *Id.* at 7:21-26.

Plaintiff's proposed supplemental instruction is as follow:
> The reasonable or unreasonable action by the [insurer] must be measured as of the time it was confronted with the factual situation to which it was called upon to respond. The evaluation cannot fairly be made in the light of subsequent events.

At this juncture, the Court takes this objection under submission and will make its ruling at an appropriate time before jury instructions are provided to the jury.

7

## IV.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendant's objections Plaintiff's Trial Exhibit Nos. 7, 8, 18, 32, 46, 102, 106, and 110-113 are **SUSTAINED**. Those exhibits will not be admitted at trial due to Plaintiff's failure to include them in the Pre-Trial Order.

2. Plaintiff's objection to including CACI 2335 is **OVERRULED** *without prejudice* to renewal at trial.

3. Defendant's objection to CACI 430 is **OVERRULED**.

4. Defendant's objection to Plaintiff's amendments to CACI 2350 is **OVERRULED**.

5. Defendant's objection to CACI 3905A is **OVERRULED**.

6. Defendant's objection to CACI 3925 is **OVERRULED**.

7. The Court's ruling on Defendant's objection to Plaintiff's Proposed Supplemental Instruction No. 1 is continued while the Court takes the matter under submission.

8. The parties shall not submit any further filings with the Court. Any outstanding issues may be raised on the first day of trial.

**IT IS SO ORDERED.**

DATED:   April 29, 2022

**HON. LINDA LOPEZ**
United States District Judge